# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 20-1340V
Filed: November 5, 2025

| | |
|---|---|
| TERESA MAZZA,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Special Master Horner |

*Leigh Finfer, Muller Brazil, LLP, Dresher, PA, for petitioner.*
*Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC, for respondent.*

### **DECISION AWARDING DAMAGES**[1]

On October 7, 2020, petitioner, Teresa Mazza, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act"). (ECF No. 1.) Petitioner alleged that she suffered a right shoulder injury as a result of an influenza ("flu") vaccination she received on October 11, 2018. (*Id.*)

On September 10, 2025, a ruling on entitlement was issued, finding petitioner entitled to compensation for bursitis and related shoulder dysfunction caused-in-fact by her flu vaccination. (ECF No. 56.) On November 5, 2025, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $115,373.00, representing $110,000.00 for pain and suffering and $5,373.00 for past unreimbursable expenses. (ECF No. 60.) In the Proffer, respondent represented that petitioner agrees with the proffered award. (*Id.*) Based on the record as a whole, I find that petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $115,373.00, representing $110,000.00 in compensation for pain and suffering and $5,373.00 in compensation for past unreimbursable expenses, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| TERESA MAZZA,<br><br>                      Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                      Respondent. | No. 20-1340V<br>Special Master Daniel T. Horner<br>ECF |

**PROFFER ON AWARD OF COMPENSATION**[1]

On November 7, 2020, Teresa Mazza (petitioner) filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, as amended (Act). Petitioner alleges that she received an influenza vaccination on October 11, 2018, and thereafter suffered from a shoulder injury related to vaccine administration (SIRVA). *See* Petition. On June 14, 2022, respondent filed his Vaccine Rule 4(c) report, concluding that this case is <u>not</u> appropriate for compensation under the terms of the Act. ECF No. 30. Notwithstanding, on September 10, 2025, the Special Master issued a Ruling on Entitlement, finding petitioner entitled to compensation. ECF No. 56.

**I.     Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded the following:

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the damages decision is issued.

A.    <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded **$110,000.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B.    <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her alleged vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$5,373.00.** *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II.    <u>Form of the Award</u>

The parties recommend that compensation provided to petitioner should be made through a lump sum payment, as described below, and request that the Special Master's decision and the Court's judgment award the following:[2]

> A lump sum payment of **$115,373.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Teresa Mazza.

Petitioner is a competent adult. Proof of guardianship is not required in this case.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

2

3

        HEATHER L. PEARLMAN
        Deputy Director
        Torts Branch, Civil Division

        VORIS E. JOHNSON, JR.
        Assistant Director
        Torts Branch, Civil Division

        <u>s/ RYAN D. PYLES</u>
        RYAN D. PYLES
        Senior Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Benjamin Franklin Station
        Washington, D.C. 20044-0146
        Tel: (202) 616-9847
        ryan.pyles@usdoj.gov

Dated: November 5, 2025